IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAMMUAN EPPS, *et al.*,       ) | |
| )| |
|    Plaintiffs,       ) | |
| ) | |
| v.       ) | CIVIL ACT. NO.  3:15-CV-25-MHT |
| ) | (WO) |
| RUSSELL COUNTY DEPARTMENT       ) | |
|    OF HUMAN RESOURCES, *et al.*,       ) | |
| ) | |
|    Defendants.       ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is the Plaintiffs' motion to amend their complaint (Doc. 11). For good cause, and pursuant to Fed. R. Civ. P. 15(a)(1), it is

**ORDERED** that the motion to amend (Doc. 11) be and is hereby **GRANTED**.

However, having reviewed the Plaintiffs' proposed amendment to the complaint, the court concludes that the additional claims that the Plaintiffs seek to assert in this case are due to be dismissed pursuant to 8 U.S.C. § 1915(e)(2)(B).

**I.  STANDARD OF REVIEW**

When, as here, a litigant is allowed to proceed *in forma pauperis* in this court, the court will screen the litigant's complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) requires a district court to dismiss the complaint of a party proceeding *in forma pauperis* "at any time" if court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. §

The same standard that governs a dismissal under Federal Rule of Civil Procedure 12(b)(6) also governs the evaluation of a complaint for failure to state a claim upon which relief can be granted under 28 U.S.C. §1915(e)(2)(B)(ii). *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008) (applying the standard governing dismissal under Rule 12(b)(6) to review of a *pro se* complaint under 28 U.S.C. § 1915(e)(2)(B)(ii)). Under this standard, although the court must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S, at 679 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized

that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).

In *Iqbal*, the Supreme Court reiterated that although Fed. R. Civ. P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id*. at 679. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 556 U.S. at 570.

When evaluating the sufficiency of a complaint, a plaintiff's *pro se* status must be considered alongside the pleading requirements of *Twombly* and *Iqbal*. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (applying *Twombly* to a *pro se* complaint while recognizing the leniency that must be afforded to a *pro se* litigant who does not have the benefit of a legal education); *see also Douglas*, 535 F.3d at 1320-22 (reviewing the dismissal of a complaint under § 1915(e)(2)(B)(ii) while applying both *Twombly* and the rule that a *pro*

3

*se* complaint is to be construed with leniency). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice"). However, the leniency shown to *pro se* litigants "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by *Iqbal*, 550 U.S. 662 (citing *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *Pontier v. City of Clearwater*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995)). "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. Saint Lucie County School Bd.*, 399 Fed. Appx. 563, 565 (11th Cir. 2010) (unpublished) (citations omitted).

## II.   DISCUSSION

The Plaintiffs, Dammuan Epps and Tanya Griffin, have six children, ranging in age from eighteen months to twelve years. (Doc. 1 ¶¶ 4-5). The Plaintiffs allege that they have been raising their children according to their religion, which requires them to home school their children using a curriculum that is consistent with their beliefs, insulate their children from social interaction with and education by persons with views that conflict with their own religious beliefs, and raise their children in accordance with certain religious restrictions on

diet and the use of medical care. (Doc. 1 ¶¶ 18, 29, 31, 43; Doc. 4 ¶¶ 36, 38, 45, 46, 49, 74, 76; Doc. 5 ¶¶ 4-8, 14, 44; Doc. 5-1 pp. 2-4). The Plaintiffs contend that their children were removed from their home by the Russell County Department of Human Resources to prevent them from continuing to raise their children according to their religious beliefs and practices. According to the Plaintiffs, the Defendants accused them of being mentally unfit to parent their children because of their religious beliefs. The Plaintiffs allege that Dammuan Epps was given no advance notice of the court proceedings regarding DHR's petition for custody and that Tanya Epps was given less than 48 hours notice of the proceedings via insufficient process. (Doc. 1 ¶¶ 20, 33, 35).

The Plaintiffs brought this action alleging that the removal of their children from their custody constitutes unconstitutional deprivation of their constitutional rights to practice their religion, maintain their familial relationships, and raise their children as they see fit. (Doc. 1). In amending their complaint, the Plaintiffs (1) added fictitious party "Jane Doe #1" as a party defendant; (2) attempted to add their children as plaintiffs; and (3) added various specific claims to their initial complaint. (Doc. 11).

A.   **Fictitious Party Defendant**

The Plaintiffs seek to amend their complaint to add "Jane Doe # 1" as a Defendant to all of their claims. "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir.2010) (citing *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir.1997). A limited exception to the rule

5

exists "when the plaintiff's description of the fictitious party is so specific as to be 'at the very worst, surplusage.'" *Id.* (quoting *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992)).

In this case, the Plaintiffs have identified fictitious party "Jane Doe #1" as "a Domestic Relations Clerk at Russell County Justice Center" who "has been unknown refusing to give her name" and who "gave the order to the Filing Specialist Judy (last name unknown) to deny the filings and pleading of Griffin, Tanya which led to the rebuttal on the face of Keldin Jones forged petition resulting in a loss of rights." (Doc. 11 pp. 1-2) (sic)). The Plaintiffs' description of "Jane Doe #1" is not sufficient to allow this defendant to be identified among the various domestic relations clerks at the Russell County Justice Center or to be served with process. *Cf. Dean*, 951 F.2d at 1216 (allowing a *pro se* plaintiff to proceed with claims against a John Doe defendant where the plaintiff provided a job title that, while incorrect, corresponded to a certain individual in a particular position at the jail, the plaintiff had requested but not yet received a report that would allow him to name the defendant, and the plaintiff provided a "description [that] was sufficiently clear to allow service of process" on the defendant).

Further, the Plaintiffs' description of the fictitious defendant confirms that, at this time, the Plaintiffs are not capable of identifying Jane Doe #1 with sufficient specificity to allow Jane Doe #1 to be identified and served with process. Accordingly, the court concludes that all claims against Jane Doe #1 are due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Claims of Minor Children**

28 U.S.C.A. § 1654 provides that, "[i]n all courts of the United States[,] the parties may plead and conduct their own cases personally or by counsel." Neither 28 U.S.C. § 1654 nor Fed. R. Civ. P 17(c), which authorizes a conservator or guardian to sue on behalf of a minor child, permits a *pro se* parent to *represent* his or her child in federal court as legal counsel in an action in the child's name. *Devine v. Indian River County Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997), *overruled on other grounds by Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007); *Whitehurst v. Wal-Mart*, 306 Fed. Appx. 446, 449 (11th Cir. 2008). Thus, "parents who are not attorneys may not bring a *pro se* action on their child's behalf." *Devine*, 121 F.3d at 582. This rule exists "because it helps to ensure that children . . . are not deprived of their day in court by unskilled, if caring, parents." *Id*.

Accordingly, any claim asserted by Epps and Griffin purporting to proceed *pro se* on behalf of their minor children "necessarily fails." *Whitehurst*, 306 Fed. Appx. at 449. Because it is futile for the Plaintiffs to attempt to pursue claims *pro se* on their children's behalf, all claims they purport to assert on behalf of their children are frivolous and are due to be dismissed pursuant to 28 U.S.C.A. § 1915(e)(2)(B)(i). *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (holding that a case is frivolous under § 1915(e)(2)(B)(i) "if it is without arguable merit in either law or fact").

**C.     Specific Claims**

In addition to attempting to add their children as plaintiffs and adding Jane Doe # 1

7

as a defendant with respect to all of their claims, the Plaintiffs also add additional claims to those asserted in their original complaint. The court will address each in turn.

**1.     Pursuit of Happiness**.

The Plaintiffs assert a claim pursuant to 42 U.S.C. §§ 1983 and 1988 for deprivation of the right to the pursuit of happiness. (Doc. 11 p. 3). However, §§ 1983 and 1988 only provide remedies for violations of rights secured by the Constitution and laws of the United States. 42 U.S.C. § 1983 (providing for a cause of action against "every person" who, under color of state law, deprives another of the "rights, privileges, or immunities secured by the Constitution and laws); 42 U.S.C. § 1988(b) (providing for an award of attorneys' fees in actions brought pursuant to § 1983). Nowhere is "the pursuit of happiness," without more, established as an independently actionable federal right in and of itself.[1] Otherwise, a civil action would arise every time a government official acting under color of state law made someone unhappy – a result that is untenable.

The United States Supreme Court has stated that the rights guaranteed by the Fourteenth Amendment's protection from the deprivation of "life, liberty, and property" without due process of law "denotes not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life, to

---

[1] The Declaration of Independence states that certain truths are self-evident, including that "all men . . . are endowed by their Creator with certain unalienable Rights," among which are "Life, Liberty, and the pursuit of Happiness." Declaration of Independence ¶ 2. However, the Declaration of Independence is not a federal law and is not part of the Constitution; therefore, it cannot give rise to a cause of action under §§ 1983 or 1988.

8

acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized at common law as essential to the orderly pursuit of happiness by free men." *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923). However, to the extent that Epps and Griffin are attempting to state a claim for the deprivation of constitutionally-protected rights and privileges essential to the pursuit of happiness – such as the right to maintain their family relationships, raise their children, and worship according to the dictates of their consciences – this claim merely duplicates claims that have already been stated in their initial complaint.

Accordingly, to the extent that the Plaintiffs' claim for "deprivation of the pursuit of happiness" is not merely duplicative, but seeks to assert a separate claim for deprivation of the right to pursue happiness, the claim has no basis in law. Therefore, the court concludes that the claim is due to be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.2001) (holding that a case is frivolous under § 1915(e)(2)(B)(i) "if it is without arguable merit in either law or fact").

**2.    Forced Servitude**

The Plaintiffs assert a claim pursuant to 42 U.S.C. §§ 1983 and 1988 for "violation of the 13th Amendment Forced Servitude." (Doc. 11 p. 3 (sic)). The Plaintiffs allege that "the Defendants have modified the Plaintiffs status to that of a Human Resource without the Plaintiffs consent and despite objections in service of a need of the Defendants forcefully and without compensation." (Doc. 11 p. 3 (sic)).

9

The Thirteenth Amendment provides: "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII § 1. The court has reviewed the factual allegations of the complaint. Nowhere is there an allegation of fact that could give rise to a reasonable inference that the Defendants forced the Plaintiffs into slavery or involuntary servitude or to suffer the incidents and badges of slavery in any way. Rather, the complaint alleges that the Plaintiffs' children were removed from their home by the State of Alabama without due process and unconstitutionally on the basis of the Plaintiffs' religion. Accordingly, the court concludes that the Plaintiffs' claim alleging forced servitude is due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**3.     Deprivation of A Good Name**

The Plaintiffs assert a claim pursuant to 42 U.S.C. §§ 1983 and 1988 for "deprivation of the right to a good name without due process of law." (Doc. 11 p. 3). They allege that the "Defendants have caused [their] reputation to suffer detrimental effects in the community through use of forged instruments and false allegations." (Doc. 11 p. 3).

"Section 1983 did not make every tort committed by a state official a violation of constitutional rights." *Cypress Ins. Co. v. Clark*, 144 F.3d 1435, 1438 (11th Cir. 1998). "Claims of libel and slander do not state a violation of federal law and are not cognizable in a section 1983 civil rights action." *Charles v. Scarberry*, 340 Fed. Appx. 597, 599-600 (11th

Cir. 2009). That is, "injury to reputation, by itself, does not constitute the deprivation of a liberty or property interest protected under the Fourteenth Amendment." *Behrens v. Regier*, 422 F.3d 1255, 1259 (11th Cir. 2005) (citing *Paul v. Davis*, 424 U.S. 693, 701–02 (1976)). Damages to a plaintiff's reputation "are only recoverable in a section 1983 action if those damages were incurred as a result of government action significantly altering the plaintiff's constitutionally recognized legal rights." *Cypress*, 144 F.3d at 1438. "This doctrine is known as the 'stigma-plus' test, *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1302 (11th Cir. 2001), and requires the plaintiff to show both a valid defamation claim (the stigma) and 'the violation of some more tangible interest' (the plus). *Behrens*, 422 F.3d at 1260." *Rehberg v. Paulk*, 611 F.3d 828, 852 (11th Cir. 2010).

In their amended complaint, the Plaintiffs have simply stated an unadorned legal conclusion that some or all Defendants made unspecified false statements and reports that harmed the Plaintiffs' reputations. *See* Doc. 11 p. 3 (alleging only that the "[D]efendants have caused [the Plaintiffs'] reputation[s] to suffer detrimental effects in the community through use of forged instruments and false allegations."). The Plaintiffs have not alleged any specific *facts* to support this claim, such as a description of which of the Defendants made false statements, what the allegedly false statements were, how each of the two Plaintiffs were implicated in the statements or reports, whether those statements were publicized and to whom, or the connection between the allegedly false statements and the alleged deprivation of due process and religious discrimination. *See Bank of Jackson County*

*v. Cherry*, 980 F.2d 1362, 1367-68 (11th Cir. 1993) ("[T]o prevail on a claim that government action deprived the plaintiff of a liberty interest in reputation, the plaintiff must show: (1) a stigmatizing allegation; (2) dissemination or publication of that allegation; and (3) loss of some tangible interest due to publication of the stigmatizing allegation. . . . A stigmatizing allegation does not implicate liberty interests unless it is publicized." (citations omitted)); *Marrero v. City of Hialeah*, 625 F.2d 499, 519 (5th Cir. 1980)[2] (holding that, to implicate constitutionally-protected due process interests, defamation must occur in connection with, and be reasonably related to, the alteration of a legally-protected right or interest).

In other words, as pled in the amended complaint, this claim is nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," which is not sufficient to state a valid claim for damage to the Plaintiffs' reputation. *Iqbal*, 556 U.S. at 678. Accordingly, the Plaintiffs' claim for deprivation of a good name is due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

4. **Deprivation of Private Property Without Just Compensation**

The Plaintiffs allege that, according to their religious beliefs, their children are their private property, and, throughout their pleadings, they refer to their offspring not as persons

---

[2] See *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

or children, but generically as their "private property." (*E.g.*, Doc. 1 ¶¶ 15, 27, 31; Doc. 5 ¶ 33). They do not think of their children as slaves or chattel, but they do consider them "private property belonging exclusively" to them. (Doc. 5 ¶¶ 30, 33). In their amended complaint, the Plaintiffs assert a claim pursuant to 42 U.S.C. §§ 1983 and 1988 for "deprivation of private property for public use without just compensation." (Doc. 11 p. 3). They allege that their "private property has been seized by the Defendants and used for Public Gain without just compensation and without the Plaintiffs consent." (Doc. 11 p. 3 (sic)).

There is no legal basis for this claim. Sections 1983 and 1988(b) provide remedies for the deprivation "of any rights, privileges, or immunities secured by the Constitution and laws" of this nation. 42 U.S.C. §§ 1983; *see also* 42 U.S.C. 1988(b) (providing for an award of attorneys' fees in actions brought pursuant to § 1983). Regardless of the Plaintiffs' private religious beliefs about the nature of their relationship with their children, since the ratification of the Thirteenth and Fourteenth Amendments, the Constitution and laws of this country do not recognize any human as the private property of another human. Children are not private property and the government is not required to compensate parents with a fair price (if such a thing could even be imagined) for children removed from their home.

Of course, it is "'plain beyond the need for multiple citation'" that parents *do* have a *liberty* interest in the "'desire for and right to the companionship, care, custody, and management of [their] children,'" and that this interest "is . . . far more precious than any

13

property right." *Santosky v. Kramer*, 455 U.S. 745, 758–759 (1982) (quoting *Lassiter v. Dept. of Soc. Servs. of Durham County, N.C.*, 452 U.S. 18, 27 (1981). "When the State initiates a parental rights termination proceeding, it seeks not merely to infringe that fundamental liberty interest, but to end it." *Id*. The Fourteenth Amendment guarantees that no parent will be deprived of this liberty interest without due process of law. *Id*.; U.S. Const. amend. XIV (providing that no state shall "deprive any person of life, liberty, or property, without due process of law").

However, the Plaintiffs have already asserted separate claims asserting violations of their procedural due process rights and liberty interests in familial association and raising their children as they see fit. (Doc. 1 ¶¶ 33-37, 39-43). Accordingly, at most, the Plaintiffs' claim for deprivation of private property is duplicative to the extent that it could conceivably be liberally construed as a cognizable due process claim. To the extent that the claim for deprivation of property is not merely duplicative, but is instead an attempt to assert a separate claim based on the Plaintiffs' rights to due process and just compensation prior to being deprived of private property, the claim has no basis in law. Therefore, the court concludes that the claim for deprivation of private property is due to be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.2001) (holding that a case is frivolous under § 1915(e)(2)(B)(i) if there is no arguable legal basis for the claim).

5. **Battery and Emotional and Educational Neglect**

The Plaintiffs attempt to assert a state law claim of battery on grounds that the

14

Defendants have imposed medical treatment on their children that is inconsistent with the Plaintiffs' religious beliefs against introducing toxic substances into their bodies. According to the Plaintiffs, all of their four-year-old daughter's teeth had dental carries when she was removed from their home. (Doc. 4 ¶ 68). The Plaintiffs allege that the Defendants took their daughter to a dentist, who treated the cavities in her teeth with amalgam fillings that contain mercury and that the Plaintiffs contend are toxic and should never be used on a child under the age of six. (Doc. 1 ¶ 43; Doc. 11 ¶ 5).

The Plaintiffs also assert that "the Defendants caused the Plaintiffs to suffer neglect educationally and emotionally" by being "ripped from their private [home-schooled] study without parental visitation limited to one hour a week, receiving no education study for over two months." (Doc. 11 p. 3).

Clearly, the Plaintiffs do not contend that they personally were subjected to battery or deprived of an education[3] by the Defendants; rather, they are asserting these claims on behalf of their children. As explained in Section II.B. of this recommendation, any claim by which the Plaintiffs purport to proceed *pro se* on behalf of their minor children "necessarily

---

[3]To the extent that the Plaintiffs' amended claim for educational and emotional neglect could be liberally construed as a claim implicating the Plaintiffs' due process rights to associate with and raise their children as they see fit, the claim is merely duplicative of claims in the original complaint. *See* Doc. 1 ¶ 38 (asserting that the Plaintiffs' children have been enrolled in public school against their parents' wishes); Doc. 1 ¶ 29 (stating that the Plaintiffs' religion requires them to home school their children) Doc. 1 ¶ 31 ("The Defendants have intentionally caused the Plaintiff's private property (referred to as 'children' by Defendants) to be confused about what religious practices to follow as they are now expressing confusion in this area as what to believe in. They area also now being forced to attend public schools against the Plaintiff's wishes as Plaintiff's family are vegetarian and no vegetarian accommodations are available in public schools for Plaintiff's private property and also is not Plaintiff's will to publically school their private property (referred to as 'children' by RCDHR)." (sic)).

fails." *Whitehurst*, 306 Fed. Appx. at 449. Therefore, these claims are due to be dismissed as frivolous pursuant to. 28 U.S.C.A. § 1915(e)(2)(B)(I).

### III.   CONCLUSION

Accordingly, it is the

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

1. that the Plaintiffs' claims against Jane Doe #1 be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted;

2. that all claims that the Plaintiffs purport to assert on behalf of their children, including claims of battery and emotional and educational neglect, be dismissed as frivolous pursuant to under § 1915(e)(2)(B)(i);

3. that the Plaintiffs' claim for deprivation of the pursuit of happiness be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

4. that the Plaintiffs' claim alleging forced servitude be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted;

5. that the Plaintiffs' claim for deprivation of a good name be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted;

6. that the Plaintiffs' claim for deprivation of private property is due to be

dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I); and

7.   that this case be referred back to the Magistrate Judge for further proceedings. Further, it is

**ORDERED** that the parties shall file any objections to the said Recommendation on or before March 3, 2015.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 17th day of February, 2015.

                                                  /s/Charles S. Coody  
                                                CHARLES S. COODY  
                                                UNITED STATES MAGISTRATE JUDGE