IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DAMMUAN EPPS, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:15cv25-MHT |
| | ) | [WO] |
| RUSSELL COUNTY DEPARTMENT | ) | |
| OF HUMAN RESOURCES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by the *pro se* plaintiffs. Construing the plaintiffs' complaint and amended complaint liberally in light of their *pro se* status,[1] it appears that the plaintiffs are alleging that their six minor children were removed from their home by the Russell County Department of Human Resources in an effort to interfere with them raising their children according to their religious beliefs and practices.[2]

Pending before the court is the plaintiffs' request for a preliminary injunction. They seek to enjoin the defendant Russell County Department of Human Resources from

---

[1] The plaintiffs' pleadings are not a model of clarity.

[2] The plaintiffs have been home schooling their children in accordance with their religious beliefs, which include using a curriculum that is consistent with their beliefs, insulating their children from social interaction with and education by persons with views that conflict with their own religious beliefs, and raising their children in accordance with certain religious restrictions on diet and the use of medical care. (Doc. # 1 ¶¶ 18, 29, 31, 43; Doc. # 4 ¶¶ 36, 38, 45, 46, 49, 74, 76; Doc. # 5 ¶¶ 4-8, 14, 44; Doc. # 5-1 pp. 2-4).

interfering with their rights as parents to raise their minor children.   Upon review, the court

concludes that, at this juncture, the motion for preliminary injunction is due to be denied.

The decision to grant or deny a preliminary injunction "is within the sound discretion

of the district court. . .." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).

> A district court may grant injunctive relief only if the moving party shows that:
> (1) it has a substantial likelihood of success on the merits; (2) irreparable
> injury will be suffered unless the injunction issues; (3) the threatened injury to
> the movant outweighs whatever damage the proposed injunction may cause the
> opposing party; and (4) if issued, the injunction would not be adverse to the
> public interest.

*Klay v. United Healthgroup, Inc.,* 376 F.3d 1092, 1097 (11th Cir. 2004) *quoting Siegel v.*

*LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (per curiam).

A preliminary injunction is an extraordinary and drastic remedy which should not be

granted unless the movant clearly carries the burden of persuasion as to *all* prerequisites.

*United States v. Jefferson County*, 720 F.2d 1511 (11th Cir. 1983) (emphasis added); *All*

*Care Nursing Service, Inc. v. Bethesda Mem'l Hosp. Inc*., 887 F.2d 1535, 1537 (11th Cir.

1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v.*

*Seatrain  Int'l, S.A*., 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is

the exception rather than the rule," and movant must clearly carry the burden of persuasion).

The requesting party's failure to demonstrate a "substantial likelihood of success on

the merits" may defeat the party's claim, regardless of its ability to establish any of the other

elements. *See Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994).  Here, the

court readily concludes that the plaintiffs have failed to demonstrate a "substantial likelihood

of success on the merits of their claims." The plaintiffs have failed to argue or demonstrate that they will likely succeed on the merits much less that they will suffer any specific irreparable harm if an injunction is not issued. *Id.*; *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.'" *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Northeastern  Fla. Chapter of Associated Gen. Contractors of America v. City of Jacksonville,* 896 F.2d 1283, 1284 (11th  Cir. 1990) It is also impossible to determine what the plaintiffs' requested relief would entail exactly preventing the court from determining what burden an injunction would have on the Russell County Department of Human Resources and whether issuing one would harm the public interest.  It is not sufficient for the plaintiffs to merely assert that they are entitled to a preliminary injunction.  They must do more than simply recite constitutional catch phrases and legal jargon.   In order to be successful on their motion for a preliminary injunction, the plaintiffs must allege some facts that support their assertions.  This they have failed to do. "[S]tates may, in the exercise of their police power, remove children from the custody of their parents when the children's health, safety, or emotional welfare demands it." *Riley v. Camp*, 130 F.3d 958, 964 (11th Cir. 1997).  In their request for an injunction, the plaintiffs ask the court to enjoin the defendants to "immediately return our property (referred to as

3

children. . .)" (Doc. # 1 at 8, ¶ 48(1)).  The Plaintiffs, throughout their pleadings, refer to their offspring not as persons or children, but generically as their "private property."  (*E.g.*, Doc. # 1 ¶¶ 15, 27, 31; Doc. # 5 ¶ 33).  While the plaintiffs do not think of their children as slaves or chattel, according to their religious beliefs, their children are "private property belonging exclusively" to them. (Doc. # 5 ¶¶ 30, 33).  Here the plaintiff's mere recitation that their "property" has been removed from them does not show entitlement to relief.

Consequently, the court concludes that issuing a preliminary injunction is not warranted.

## V.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the plaintiffs' motion for a preliminary injunction (doc. # 1) be DENIED, and that the plaintiffs' remaining claims REFERRED back to the Magistrate Judge for further proceedings.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **May 20, 2015.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.  Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th day of May, 2015.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE