IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DAMMUAN EPPS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  3:15cv25-MHT |
| | ) | (WO) |
| RUSSELL COUNTY DEPARTMENT | ) | |
| OF HUMAN RESOURCES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a complaint filed pursuant to 42 U.S.C. § 1983 by the *pro se* plaintiffs, Dammuan Epps and Tanya Griffin.  Construing their complaint liberally in light of their *pro se* status,[1] the court discerns that the plaintiffs allege that their six minor children were removed from their home by the Russell County Department of Human Resources ("RCDHR") in an effort to interfere with them raising their children according to their religious beliefs and practices.  The plaintiffs assert that they have been raising their children based on their religion, which requires them to home school the children using a curriculum that is consistent with their beliefs, insulate their children from social interaction with and education by persons with views that conflict with their own religious beliefs, and raise their children in accordance with certain religious restrictions on diet and the use of medical care.  (Doc. # 1 at ¶¶ 18, 29, 31, 43; Doc. # 4 at ¶¶ 36, 38, 45, 46, 49, 74, 76; Doc. # 5 ¶¶ 4-8, 14, 44; and Doc. # 5, Ex. 1 pp. 2-4).  The plaintiffs seek injunctive and declaratory

---

[1] The plaintiffs' pleadings are not a model of clarity.

relief.  The court has jurisdiction of these claims under 28 U.S.C. § 1331 pursuant to its federal question jurisdiction.

Now pending before the court are the plaintiffs' motion for declaratory judgment (doc. # 43) and motion for default judgment (doc. #58), and the defendants' motions to dismiss (docs. # 45, 46, 48, & 49).  The defendants assert that this action is due to be dismissed based on the *Rooker-Feldman*[2] doctrine, the *Younger*[3] abstention doctrine, federal and state immunities, and for failure to state a claim for which relief can be granted.  After careful review of the motions, the briefs filed in support of and in opposition to the motions, and the supporting and opposing materials, the court concludes that the plaintiffs' motion for declaratory judgment and motion for default judgment (docs. # 43 & 59) are due to be DENIED, the defendants' motions to dismiss (docs. # 45, 46, 48, & 49) are due to be GRANTED, and this case is due to be DISMISSED with prejudice.

## STANDARD OF REVIEW

### A.    Subject Matter Jurisdiction

---

[2]  "The Rooker-Feldman doctrine derives from *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and provides that, as a general matter, federal district courts lack jurisdiction to review a final state court decision." *McCorvey v. Weaver*, 620 F. App'x 881, fn 1 (11th Cir. 2015).

[3]  The abstention doctrine of *Younger v. Harris,* 401 U.S. 37, 59 (1971), establishes that under principles of comity and federalism, a federal court should not interfere with ongoing state proceedings by granting injunctions or declaratory relief absent extraordinary circumstances. *Id.* at 44.  Abstention in favor of state judicial proceedings is required if the proceedings are ongoing, implicate important state interests, afford an adequate opportunity to raise the federal questions, and  if the federal relief sought would interfere in some manner with the state court litigation presented. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982);  *Newsome v. Broward County Pub. Defenders,* 304 F. App'x 814, 816 (11th Cir. 2008).

Because federal courts are courts of limited jurisdiction, it is a basic premise of federal court practice that the court must have jurisdiction over the subject matter of the action before it can act. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994). Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States. *Kokkonen*, 511 U.S. at 377.

This court operates under an independent obligation to examine its own jurisdiction at each stage of the proceedings, even if no party raises the jurisdictional issues and both parties are prepared to concede it. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990); *see* 13C Wright, A. Miller & E. Cooper, FEDERAL PRACTICE & PROCEDURE § 3522 (3d ed.) ("Even if the parties remain silent, a federal court, whether trial or appellate, is obliged to notice on its own motion its lack of subject matter jurisdiction."). Further, FED.R.CIV.P. 12(h)(3) requires that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

B.    **Motions to Dismiss**

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept well-pled facts as true, but the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court must

3

indulge reasonable inferences in the plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of the plaintiff's allegations. *Id.*; *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. See *Iqbal*, 556 U.S, at 679 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).

In *Iqbal, the* Supreme Court reiterated that although FED.R.CIV.P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 550 U.S. 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

4

liable for the misconduct alleged." *Id.*  The mere possibility the defendants acted unlawfully is insufficient to survive a motion to dismiss.  *Id*. at 679.  The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Because the defendants' motions to dismiss also relies in part on FED.R.CIV.P. 12(b)(1), the court may consider matters beyond the pleadings.  *See Goodman v. Sipo*, 259 F.3d 1327, 1332 fn. 6 (11th Cir. 2001).

### C.     Motion for Default Judgment

Before a default or default judgment can be entered, the court must have jurisdiction over the subject matter of the action.  *See* Charles Alan Wright, Arthur R. Miller, *et al*., 10A FED. PRAC. & PROC. CIV. § 2682 (3d ed. Westlaw 2012).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED.R.CIV.P. 55(a).  The entry of default causes all well-pleaded allegations of facts to be deemed admitted.  *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).  Thus, in ruling on a motion for default judgment, the Court must consider whether those facts state a claim upon which relief may be granted.  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)[4] ("There must be a sufficient basis in the pleadings for the judgment entered.").

_____

[4]  *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

5

## PROCEDURAL HISTORY

### A.    The State Court Action[5]

In October 2014, the Russell County Department of Human Resources ("RCDHR") initiated proceedings in the Juvenile Court of Russell County, Alabama, petitioning that court for temporary custody, care and control of the plaintiffs' six minor children.[6]  In the verified dependency petition, defendant Keldin Jones asserted that the children were not in school and he expressed concern about Griffin's mental state.  The Juvenile Court held two days of hearings on November 5 and 6, 2014.  A guardian ad litem was appointed for each child.  Plaintiff Tanya Griffin was present on November 5, 2014, and plaintiff Dammuon Epps was present on November 6, 2014.  On November 7, 2014, Juvenile Court Judge Buster Landreau entered orders transferring custody of the children to RCDHR, *pendente lite*.  The parents were also ordered to participate in an Individualized Service Plan ("ISP") for each child and to cooperate with the RCDHR.

---

[5]  The procedural history is gleaned from the pleadings filed in this case as well as pleadings filed in *State of Ala., Russell County Dep't of Human Resources v. Epps, et al.*, 3:14cv1190-WKW-TFM, *State of Ala., Russell County Dep't of Human Resources v. Epps, et al.*, 3:14cv1191-WKW-TFM, *State of Ala., Russell County Dep't of Human Resources v. Epps, et al.*, 3:14cv1192-WKW-TFM, *State of Ala., Russell County Dep't of Human Resources v. Epps, et al.*, 3:14cv1194-WKW-TFM, and *State of Ala., Russell County Dep't of Human Resources v. Epps, et al.*, 3:14cv1195-WKW-TFM.  In these cases, Epps and Griffin attempted to remove the cases from the Juvenile Court in Russell County to this court pursuant to 28 U.S.C. § 1441(b) and 1446.  The court has reviewed, and takes judicial notice of, the public record in the afore-referenced cases filed in this court.  *See Universal Express, Inc. v. U.S. SEC*, 177 Fed. App'x 52, 53 (11th Cir. 2006) (stating that a court may take judicial notice of public records (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277–78, 1280 (11th Cir. 1999)).

[6]  It is undisputed that the six children are identified as D.A.V.G. - age 6, K.A.S.G. - age 8, D.V.G.E. - age 10, K.G.L.E. - age 4, K.A.A.G.- age 12, and L.D.T.E -age 18 months.  The juvenile proceedings in Russell County have the following individual case numbers: JU-14-234, JU-14-236, JU-14-232, JU-147-233, JU-14-235, and JU-14-262.

In response to the Juvenile Court's order, plaintiffs Epps and Griffin attempted to remove the cases from the Juvenile Court in Russell County to this court pursuant to 28 U.S.C. § 1441(b) and 1446. *See State of Ala., Russell County Dep't of Human Resources v. Epps, et al.*, 3:14cv1190-WKW-TFM, *State of Ala., Russell County Dep't of Human Resources v. Epps, et al.*, 3:14cv1191-WKW-TFM, *State of Ala., Russell County Dep't of Human Resources v. Epps, et al.*, 3:14cv1192-WKW-TFM, *State of Ala., Russell County Dep't of Human Resources v. Epps, et al.*, 3:14cv1194-WKW-TFM, and *State of Ala., Russell County Dep't of Human Resources v. Epps, et al.*, 3:14cv1195-WKW-TFM.  In each case, Epps and Griffin challenged the constitutionality of the actions of RCDHR and the Juvenile Court, raising the same claims in those actions that they raise in this litigation.

On December 4, 2014, this court determined that it lacked subject matter jurisdiction over the cases and remanded them back to the Juvenile Court of Russell County, Alabama.

On December 18, 2014, the plaintiffs appealed the decisions of the Juvenile Court of Russell County to the Alabama Court of Civil Appeals.  *See* Doc. # 45, Ex. 1.  In their appeals, the plaintiffs raised constitutional challenges and asserted that they had been denied due process in the juvenile proceedings.  On February 4, 2015, the Alabama Court of Civil Appeals dismissed the plaintiffs' appeal as untimely.  (*Id.*)  The court issued a certificate of judgment on February 25, 2015.  (*Id.*)

On January 22, 2015, the plaintiffs filed another appeal to the Alabama Court of Civil Appeals alleging that they had been denied due process in the Juvenile Court proceedings.

(*Id.*)

B.    **Plaintiffs' Federal District Court Complaint**

The plaintiffs filed this action in this court on January 13, 2015, seeking to enjoin the defendants from proceeding with the Juvenile Court proceedings.  They name as defendants the following individuals (collectively, "the Defendants"): Cherry Jones, the director of RCDHR; Florence Bellamy, supervisor at RCDHR; Keldin Jones, case manager at RCDHR; Gregory Ward, who represented RCDHR in the state court action; Lindsey Erin, who was the children's guardian ad litem in the state court action; the Russell County Department of Human Resources; and Russell County.

The plaintiffs alleges the following causes of action in their complaint:

- Count 1, in which the plaintiffs allege that, pursuant to 42 U.S.C. §§ 1983 & 1988, the defendants have violated their First Amendment right to Freedom of Religious Expression by interfering with their right to home school their children in accordance with their religious beliefs. (Doc. # 1 at ¶¶ 29-32);

- Count 2, in which the plaintiffs allege that they have been deprived of their constitutional rights to due process in violation of the Fifth and Fourteenth Amendments because they were given inadequate time to respond in the Juvenile Court, their children were seized without notice; and Griffin's rebuttal was refused by the court.  (*Id.* at ¶¶ 33-37);

- Count 3, in which the plaintiffs allege that the defendants "utilized the threat of permanently severing the Plaintiff's (sic) familial association to coerce"  the plaintiffs into cooperating with RCDHR in violation of their Fourth Amendment rights (*Id.* at ¶ 38);

- Count 5,[7] in which the plaintiffs allege that the defendants have interfered with their rights to familial association in violation of the First, Ninth, Tenth and

---

[7] There is no Count 4 in the complaint.  *See* Doc. # 1 at 6.

8

Fourteenth Amendments. (*Id.* at ¶¶ 39-42);

• Count 6, in which the plaintiffs allege that the defendants have interfered with their rights to rear their children without government interference in violation of the First, Ninth, Tenth and Fourteenth Amendments. Specifically, the plaintiffs complain that the defendants forcibly placed amalgam dental caps on the teeth of their four year old child. (*Id.* at ¶ 43);

• Count 7, in which the plaintiffs allege that RCDHR and Russell County promulgated policies and procedures that violate the Fourth and Fourteenth Amendments by interfering with their right to associate with and access their children[8] free from governmental interference. (*Id.* at ¶¶ 44-47).

The plaintiffs seek to restrain and enjoin the defendants from interfering with their right to raise their children. (*Id.* at ¶48). The plaintiffs did not seek monetary damages.[9]

## DISCUSSION

The plaintiffs contend that their children were removed from their home by the RCDHR defendants to prevent them from continuing to raise their children according to their religious beliefs and practices. According to the plaintiffs, the defendants accused them of being mentally unfit to parent their children because of their religious beliefs. The plaintiffs further allege that Dammuan Epps was given no advance notice of the court proceedings regarding RCDHR's petition for custody and that Tanya Griffin was given less than 48 hours notice of

---

[8] The plaintiffs allege that, according to their religious beliefs, their children are their private property, and, throughout their pleadings, they refer to their offspring not as persons or children, but generically as their "private property." (*E.g.*, Doc. # 1 at ¶¶ 15, 27, and 31). They do not think of their children as slaves or chattel, but they do consider them "private property belonging exclusively" to them. (Doc. # 5 at ¶¶ 30 and 33).
    Regardless of the plaintiffs' religious beliefs about the nature of their relationship with their children, since the ratification of the Thirteenth and Fourteenth Amendments, the Constitution and laws of this country do not recognize any human as the private property of another human. Children are not private property and the court will not refer to them in that manner.

[9] In their complaint, the plaintiffs asserted that "[r]elief for Monetary Damages are still being assessed at this time." (Doc. # 1). They did not amend their complaint to request damages.

9

the proceedings via insufficient process. (Doc. # 1 at ¶¶ 20, 33, 35).

The plaintiffs brought this action challenging the removal of their children from their custody asserting that the actions of the defendants constitute violations of their constitutional rights to practice their religion, maintain their familial relationships, and raise their children as they see fit.

The defendants assert that this action is due to be dismissed because the court does not have subject matter jurisdiction.

**A.     This Court Does Not Have Subject Matter Jurisdiction to Review the State Court Judgment.**

In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) ("*Rooker-Feldman*"), the Supreme Court held that it alone sits as the only federal court with jurisdiction to review a state court's judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Thus, after state court proceedings have ended, a federal district court has no jurisdiction over a federal case brought by the loser of the state court action who complains of an injury caused by the state-court judgment and seeks review and rejection of that judgment. *Id.*; *see also Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) ("The *Rooker-Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court.").

While framing the issues in terms of constitutional violations, the plaintiffs, in essence, seek to challenge the actions taken by the defendants in the Russell County Juvenile Court proceedings that resulted in the plaintiffs losing custody of their children.  The plaintiffs ask this court to reconsider the evidence, law, and alleged procedural defects in the state court action, and then enter a judgment enjoining the state defendants from enforcing the orders of the Juvenile Court.  In other words, the plaintiffs' claims all call for this court to nullify and overturn the state court's judgment on grounds that it is procedurally flawed and legally incorrect.  This case could not fall more squarely within "the boundaries of the *Rooker-Feldman* doctrine: 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1274 (11th Cir. 2009) (quoting *Exxon*, 544 U.S. at 284); *see also Casale*, 558 F.3d at 1260 (holding that *Rooker-Feldman* precludes lower federal court jurisdiction over claims that were raised in state court and over claims that are so inextricably intertwined with the state court judgment that the claims "would 'effectively nullify' the state court judgment, or [the claims would] "succeed[] only to the extent that the state court wrongly decided the issues.'").

"The *Rooker-Feldman* doctrine is broad enough to bar all federal claims which were, or should have been, central to the state court decision, even if those claims seek a form of relief that might not have been available from the state court." *Goodman*, 259 F.3d at 1333. Numerous courts have held that the *Rooker-Feldman* doctrine applies in cases challenging

11

juvenile court proceedings. *See Liedel v. Juvenile Court of Madison Cty., Ala.*, 891 F.2d 1542, 1545 (11th Cir. 1990) ("We hold that the [plaintiffs'] complaint does not fall within the jurisdiction of the federal district court because it seeks to void a final state judgment, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 48 L.Ed. 362 (1923), and because it seeks to enjoin ongoing state proceedings. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)."); *Goodman*, 259 F.3d at 1333 (the court held that the *Rooker-Feldman* doctrine bars jurisdiction in cases where the primary relief sought in child custody cases involves "preventing enforcement of the state court judgement and returning custody to the aggrieved parent."); *Plunkett v. Rountree*, 2015 WL 1505970 (S.D. Ga. Mar. 21, 2015) (Civil act. no. CV214-015) (jurisdiction bars of *Rooker-Feldman* doctrine and *Younger* abstention doctrine apply in case challenging child custody proceedings in state juvenile court); *Cross v. Doctors Hosp. of Augusta, LLC*, 2014 WL 2440544 (M.D. Ga., May 30, 2014) (Civil action no. 5:14-CV-6(HL)) (The *Rooker-Feldman* doctrine bars plaintiff's constitutional claims arising out of juvenile court proceedings); *St. Germain v. Gee*, 2010 WL 5394883 (M.D. Fla., Oct. 8, 2010) (No. 8:10-CV-1194-T-27TGW) ("Because the complaint essentially challenges a state court's custody decision, the lawsuit is barred for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.").   Because the plaintiffs challenge the actions of the defendants that resulted in the loss of their children, to grant them the relief they seek, the court would ultimately have to determine that the decision of the Juvenile Court of Russell County was erroneous.   This the court cannot do.   Accordingly, the Defendants' motions to dismiss

are due to be granted, and this case dismissed for lack of jurisdiction.

**B.      Alternatively, if the Juvenile Proceedings are on-going, the *Younger* doctrine dictates abstention**.

In the alternative, if the Juvenile court proceedings are on-going which is not at all clear from the pleadings, the abstention doctrine of *Younger v. Harris,* 401 U.S. 37, 59 (1971), precludes this court exercising jurisdiction over this matter.  The *Younger* doctrine establishes that under principles of comity and federalism, a federal court should not interfere with ongoing state proceedings by granting injunctions or declaratory relief absent extraordinary circumstances. *Id.* at 44.  Abstention in favor of state judicial proceedings is required if the proceedings are ongoing, implicate important state interests, afford an adequate opportunity to raise the federal questions, and  if the federal relief sought would interfere in some manner with the state court litigation presented.  *Middlesex County Ethics Comm.,* 457 U.S. at 432. The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions."  *Younger*, 401 U.S. at 43.

In this case, the plaintiffs have not alleged that the pending state court proceedings will not provide them with an adequate opportunity to raise their federal constitutional claims.  In addition, it is clear from the state court pleadings that the plaintiffs have raised the same constitutional claims in the state courts as they have raised here.  The mere fact that the plaintiffs are dissatisfied with the decisions of the state court does not grant this court jurisdiction to intervene in those proceedings.  In this case, the plaintiffs have an adequate

remedy at law because they may pursue all of their federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Finally, "[t]he right to family integrity clearly does not include a constitutional right to be free from child abuse investigations," and the court will not entertain the plaintiffs' challenges to the state authorities' efforts to protect their children. *See Foy v. Holston*, 94 F.3d 1528, 1536 (11th Cir. 1996). Consequently, to the extent that the underlying juvenile court proceedings remain on-going, the *Younger* abstention doctrine dictates that the court not exercise jurisdiction over the plaintiffs' claims. The defendants' motions to dismiss are also due to be granted on this basis.

### C.    Motion for Default Judgment

After the defendants filed motions to dismiss, the plaintiffs filed a motion for default judgment against several defendants on grounds that they "have made an insufficient, inadequate answer to this court and has failed to otherwise plea or defend." (Doc. # 58). The plaintiffs' motion is due to be denied because these defendants have appeared and filed motions to dismiss. *See* Docs # 45, 46, 48, & 19. In addition, the plaintiffs' motion is without merit because the court lacks jurisdiction over the complaint, because the complaint fails to state a claim upon which relief can be granted, and because default judgment is reserved for cases "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend*." FED.R.CIV.P. 55(a) (emphasis added); *Nishimatsu Constr. Co.*, 515 F.2d at 1206 ("There must be a sufficient basis in the pleadings for the [default] judgment

14

entered."); Charles Alan Wright, Arthur R. Miller, *et al*., 10A FED. PRAC. & PROC. CIV. §

2682 (3d ed. Westlaw 2012) (noting that default judgment is not appropriate where subject

matter jurisdiction is lacking).  For these reasons, the plaintiffs' motion for default judgment

is due to be denied.

### CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that

1.      the motion for declaratory judgment (doc. # 43) filed by the plaintiffs be

**DENIED**;

2.      the motion for dismiss filed by the RCDHR defendants (doc. # 45) be

**GRANTED**;

3.      the motion to dismiss filed by defendant Erin (doc. # 46) be **GRANTED**;

4.      the motion to dismiss filed by defendant Ward (doc. # 48) be **GRANTED**;

5.      the motion to dismiss filed by defendant Russell County (doc. # 49) be

**GRANTED**; and

6.      the plaintiffs' motion for default judgment (doc. # 58) be **DENIED**.

Further, it is the Recommendation of the Magistrate Judge that this case be

**DISMISSED.**  It is further

ORDERED that the parties shall file any objections to this Recommendation on or

before **January 20, 2016**.  A party must specifically identify the factual findings and legal

conclusions in the Recommendation to which objection is made; frivolous, conclusive, or

general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 6th of January, 2016.

           /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE